AXTON FISHER TOBACCO COMPANY, Plaintiff and Appellee, *v.* RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 9012. Argued April 6, 1945.—Decided June 4, 1945.

116

*Jesús A. González,* Acting Attorney General, and *G. Benítez Gautier,* Deputy Attorney General, for appellant. *James R. Beverley, R. Castro Fernández,* and *José López Baralt* for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This appeal was taken by the Treasurer of Puerto Rico from a judgment rendered by the District Court of San Juan which sustained the first cause of action of the complaint. Said court decided that the case is governed by our decision in *P. R. Tobacco Corp.* v. *Buscaglia, Treas.,* 62 P. R. R. 782. This conclusion is assigned as error.

In the first cause of action of the complaint the plaintiff attacked the constitutionality of Act No. 22 of June 18, 1939 (Spec. Sess. Laws, p. 94), as amended by Act No. 149 of May 6, 1940 (Laws of 1940, p. 895). The facts alleged are the same as those on which we based our decision in *P. R. Tobacco Corp.* v. *Buscaglia, supra.* The only question raised by the appellant herein to support that said decision is not applicable is that, although he accepts that Act No. 22 of 1939, as amended, is unconstitutional, as we have held, he insists that when the lower court rendered judgment in the instant case in 1944, Act No. 22 of December 3, 1942 (Spec. Sess. Laws, p. 114), had already been approved and was in force since March 3, 1943, whilst in the *P. R. Tobacco* case judgment was entered a long time before the approval and enforcement of said Act, and it was on this ground that this court declared it unconstitutional and void. He further maintains that in view of *McCullough* v. *Commonwealth of Virginia,* 172 U.S. 102, cited in our decision, the Legislature was authorized to approve Act No. 22 of 1942 even if it affected pending actions.

It is true that, as alleged by appellant, that was one of our grounds for declaring Act No. 22 of 1942 unconstitutional and void; however, we also held, after citing decisions and other authorities, that "the conclusion is unavoidable that the application of Act No. 22 of December 3, 1942, to the manufacture and sale of cigarettes consummated prior to the approval of said act would be tantamount to depriving the plaintiff of its property without due process of law in violation of its constitutional rights. See Note, 146 A.L.R. 1011."(P. 792.)

Conceding that Act No. 22 of 1942 is not void in so far as it applies to pending actions, the facts of this case are identical to those of *P. R. Tobacco Corp., supra,* inasmuch as the manufacture and sale of the cigarettes on which the tax was collected had been consummated prior to the approval of said Act; and, therefore, the judgment appealed from should be affirmed.